[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15749
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00491-WSD


BRANDON ROWELL,

Plaintiff-Appellant,

versus

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 4, 2014)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Brandon Rowell, proceeding *pro se*, appeals the district court's grant of

summary judgment in favor of Metropolitan Life Insurance Company and the

denial of his third motion to extend the discovery period.  After review of the record and the parties' briefs, we affirm.[1]

## I

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

Mr. Rowell asserted claims against MetLife, his former employer, for racial discrimination and harassment under Title VII of the Civil Rights Act of 1964, racial discrimination under 42 U.S.C. § 1981, and common-law claims for negligence and intentional infliction of emotional distress.

The district court's scheduling order set a discovery deadline of August 23, 2012.  The district court granted Mr. Rowell's unopposed motion to extend the close of discovery through December 15, 2012, and subsequently granted a second unopposed extension through February 15, 2013.

On January 15, 2013, Mr. Rowell consented to the withdrawal of his counsel and elected to proceed *pro se*.  On February 12, 2013, three days before the discovery cut-off, Mr. Rowell sought a third extension of the discovery period for an additional 60 days, which MetLife opposed.  Mr. Rowell asserted that he required information that would show that he was capable of doing his job but was

---

[1] Because Mr. Rowell only argues in his initial brief  that the district court erred in denying his motion for a third extension of the discovery period, he has abandoned any arguments addressing the merits of the district court's grant of summary judgment in favor of MetLife. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (holding that pro se status does not alter the general rule that failure to raise an issue in an appellate brief results in waiver of that issue).

provided fewer opportunities than his co-workers.  The magistrate judge denied Mr. Rowell's motion.  The district court then granted MetLife's motion for summary judgment and rejected Mr. Rowell's appeal from the magistrate judge's denial of his third motion to extend the discovery period.  Mr. Rowell now appeals.

## II

On appeal, Mr. Rowell argues that the district court abused its discretion in denying his third motion to extend the discovery period because his counsel's withdrawal left him with insufficient time to obtain information necessary to his case.  We are not persuaded.

We review the district court's discovery rulings for an abuse of discretion. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011).  Under this standard, we will leave undisturbed a district court's ruling so long as it remains within the district court's range of choice and was not based on a clear error of judgment or the wrong legal standard.  *Id*. at 1307.  Further, we will not overturn a discovery ruling unless it resulted in substantial harm to the appellant's case.  *Id*.  *See also Harrison v. Culliver*, 746 F.3d 1288, 1296-97 (11th Cir. 2014) (applying this standard to pro se plaintiff).

Under Federal Rule of Civil Procedure 16(b)(3)(A), the district court must issue a scheduling order that sets the time to complete discovery.  The scheduling order "may be modified only for good cause and with the judge's consent."

3

Fed.R.Civ.P. 16(b)(4).  To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence.  *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008).  Moreover, although a district court may extend the discovery deadline, it is under no obligation to do so, and holding parties to the clear terms of a scheduling order generally does not amount to an abuse of discretion.  *See Josendis*, 662 F.3d at 1307.

Mr. Rowell has not shown that the district court abused its discretion.  Once a scheduling order is set, a district court "may" amend the order, but is under no obligation to do so.  *See* Fed.R.Civ.P. 16(b)(4); *Josendis*, 662 F.3d at 1307.  The district court here advised the parties that extensions of discovery would be granted in only "exceptional cases."  Notwithstanding this standard, and the fact that it was not obligated to extend discovery, the district court granted two previous extensions of the discovery period.  Further, although he claims that his former counsel belatedly fulfilled his promise to turn over to him draft discovery requests on January 28, 2013, Mr. Rowell waited another two weeks after that date (and three days before the discovery cut-off) to move for an extension.  Under these circumstances, he cannot show that the district court abused its discretion.  *See Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003) (holding that the district court did not abuse its discretion in denying additional

discovery where, among other things, it had previously extended the discovery period for three months).

Nor has Mr. Rowell made a sufficient showing that additional discovery would have been critical to his case. He merely asserted that additional discovery would prove his lack of work opportunities at MetLife. Those assertions were not enough to demonstrate substantial harm to his case, particularly since the district court granted summary judgment on his discrimination claims on the threshold ground that he was not subjected to an adverse employment action. *See Harrison*, 746 F.3d at 1297. The district court therefore did not abuse its discretion in denying a third extension of the discovery deadline. *See Josendis*, 662 F.3d at 1306.

### III

The district court's grant of summary judgment in favor of MetLife and denial of Mr. Rowell's motion to extend the discovery period are affirmed.

AFFIRMED.